No. 85,672

In the Matter of REBECCA D. BROCK, *Respondent.*

(17 P.3d 361)

Opinion filed January 26, 2001.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Rebecca D. Brock,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Rebecca D. Brock, an attorney licensed to practice law in the state of Kansas.

The matter was heard by the hearing panel on June 6, 2000. The panel made the following findings of fact and conclusions of law.

## "FINDINGS OF FACT

. . . .

"2.   The Kansas Attorney General's office instituted criminal charges against the Respondent in Johnson County District Court case number 99CR1541. The amended complaint, filed September 3, 1999, charged the Respondent with one felony count of giving a worthless check, two misdemeanor counts of giving a worthless check, and one count of misdemeanor obstruction of official duty.

"3.   Also on September 3, 1999, the Respondent entered into a Diversion Agreement with the Kansas Attorney General's office. Concurrent with the execution of the Diversion Agreement, the Respondent executed a document entitled "Stipulated Facts." In that document, the Respondent stipulated to the following facts:

[1]   That on the 30th day of December, 1998, in Johnson County, Kansas the defendant did draw and present a check upon the First National Bank of Olathe, Kansas in the amount of $500.00 payable to Mannie's Bonding Company. That defendant did this with the knowledge that there were insufficient funds for the payment of this check.

[2]   That on the 29th day of December, 1998, in Johnson County, Kansas the defendant did draw and present a check upon the First National Bank of Olathe, Kansas in the amount of $176.13 payable to Dillards. That defendant did this with the knowledge that there were insufficient funds for the payment of this check.

[3]   That on the 4th day of May, 1999, in Johnson County, Kansas the defendant did draw and present a check upon the First National Bank of

Olathe, Kansas in the amount of $300.00 payable to the Clerk of the District Court (Johnson County, Kansas). That defendant did this with the knowledge that there were insufficient funds for the payment of this check. [4] That on the 10th day of July, 1999, in Johnson County, Kansas the defendant did intentionally and unlawfully interfere with officers from the Olathe Police Department while those officers were engaged in their official duty of investigating a report of minors in consumption of alcohol.

"4. Pursuant to the Diversion Agreement the Respondent agreed to pay the court costs of $134.50, the diversion costs of $120.00, the restitution in the amount of [$1119.48], a victim service charge of $30.00, and a District Attorney administration fee of $30.00. The Respondent testified that she has paid these amounts in full. Further, the Respondent testified that she paid the restitution early.

"5. The Respondent was prohibited, by the Diversion Agreement, from maintaining a personal checking account. The Respondent testified that she has complied with this term of the Diversion Agreement.

"6. The Diversion Agreement also requires the Respondent to attend and pay for the Checkmate Program. The Respondent testified that she had overlooked this requirement, and that she would enroll in, complete, and pay for this program at the earliest available time. The Respondent testified that this is the only remaining term of the Diversion Agreement that she needs to complete. The Respondent testified that she has complied with all of the other terms of the Diversion.

"7. Provided the Respondent fulfills all of the terms of the Diversion Agreement, the Kansas Attorney General's office will dismiss Johnson County District Court case number 99CR1541 with prejudice at the end of the diversionary period (September, 2000).

"8. In January, 2000, the Respondent voluntarily ceased practicing law. Currently, the Respondent is employed on a full-time basis as a flight attendant. The Respondent testified that she has no current plans of returning to the practice of law, but that, at some point in [the] future, she may wish to resume her legal career.

### "CONCLUSIONS OF LAW

"Based upon the above findings of fact, the Hearing Panel makes the following conclusions of law:

"1. Kan. Sup. Ct. R. 202 [2000 Kan. Ct. R. Annot. 221] provides that:

A certificate of conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evidence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment. **A diversion agreement, for the purposes of any disciplinary proceeding, shall be deemed a conviction of the crimes originally charged.**

*Id.* (emphasis added).

"2. Based upon the Diversion Agreement, and pursuant to Kan. Sup. Ct. R. 202, the Respondent is deemed "convicted" of three charges of giving a worthless check and one charge of obstruction of official duty. Because the crime of giving a worthless check is a crime of dishonesty, the Hearing Panel concludes that the Respondent committed a criminal act that reflects adversely on her honesty and trustworthiness in violation of KRPC 8.4(b)."

The panel recommended that the discipline imposed be a 1-year suspension from the practice of law.

Respondent has filed no exceptions to the report of the hearing panel. In making its recommendation, the panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions. The panel noted that, pursuant to Standard 5.1 thereof, disbarment or suspension are the generally appropriate disciplines for criminal conduct.

The panel found, *inter alia*, the following mitigating factors were applicable:

"Personal or Emotional Problems. During the time period that the misconduct occurred, the Respondent had significant personal and emotional problems. The personal and emotional problems contributed directly to the misconduct involved herein.

"Timely Good Faith Effort to Make Restitution. Prior to the hearing on this matter, the Respondent made full restitution. It should be noted that the restitution was required as a condition of the Diversion Agreement. However, the Respondent paid the restitution in full prior to the hearing on this matter and prior to the time required in the Diversion Agreement.

"Present and Past Attitude of Cooperation. The Respondent's attitude is a mitigating circumstance in this case. The Respondent self-reported the misconduct. She fully cooperated with the investigation and prosecution of the disciplinary case. The Respondent fully and free[ly] acknowledged the misconduct.

"Previous Good Character and Reputation. For eleven years the Respondent worked as an Assistant District Attorney for Johnson County, Kansas. During that time, the Respondent was an active and productive member of the bar. She enjoyed the respect of her peers and generally possessed a good character and reputation. [Respondent had left her A.D.A. position and entered the private practice of law prior to the occurrence of any of the events giving rise to this complaint.]

"Imposition of Other Penalties or Sanctions. In the criminal case, the Respondent was ordered to pay various costs and fees and comply with various terms. Accordingly, other penalties and sanctions have been imposed against the Respondent.

"Remorse. Clearly, at the hearing on this matter, the Respondent expressed genuine remorse for engaging in the misconduct."

The panel concluded its report with the comment:

"Recognizing that the Respondent has made important and significant contributions to the practice of law in Kansas during her career, it is the sincere hope of the Hearing Panel that the Respondent seek the necessary assistance to regain her confidence and rebuild her legal career. The Hearing Panel is convinced that the Respondent is of considerable value to the bar of the state of Kansas."

The court accepts the findings of facts and conclusions of law of the hearing panel. A majority of the court accepts the panel's recommended discipline although a minority would impose the discipline of published censure. Since the time of the hearing before the panel, the following has occurred. Respondent successfully completed all conditions of her diversion agreement and the criminal complaint herein was dismissed in September 2000. Respondent is working as a paralegal with the airline for which she was previously serving as a flight attendant. Respondent is not in compliance with CLE and attorney registration fee requirements and was administratively suspended from the practice of law on October 20, 2000. She has since gone on inactive status for CLE purposes.

We note that Respondent voluntarily ceased the practice of law in January 2000 and has not engaged in the practice of law thereafter. We conclude that under the totality of the circumstances herein that the 1-year period of suspension from the practice of law should be deemed to have commenced on January 1, 2000, when respondent voluntarily ceased to practice law. By making the period of suspension retroactive, we are in no way condoning or minimizing the serious misconduct herein. Respondent will, of course, be required to resolve her CLE and attorney license fee problems before resuming the practice of law.

IT IS THE ORDER of the court that respondent be suspended from the practice of law for a period of 1 year commencing January 1, 2000.

IT IS FURTHER ORDERED that this order be published in the Kansas Reports and that the respondent pay the costs of these proceedings.